IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

v.                                                        Civ. No. 16-441 JAP/KK
                                                          (Cr. No. 06-1436 JAP)

DANIEL JESUS LEMOS,

    Defendant/Movant.

**ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

In this Order the Court considers: (1) Defendant/Movant Daniel Jesus Lemos' ("Defendant") Amended Emergency Motion to Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion") (CR Doc. 70; Doc. 3), filed June 10, 2016; (2) United States Magistrate Judge Kirtan Khalsa's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 22), filed January 23, 2017; (3) Plaintiff/Respondent the United States of America's ("Government") Objections to Magistrate Judge's Proposed Findings and Recommended Disposition ("Objections") (Doc. 23), filed February 6, 2017; and (4) Defendant/Movant's Response to Government's Objection (sic) to Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 24) ("Response to Objections").

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The Court has reviewed the record in this case *de novo*, and concurs with the Magistrate Judge's description of its factual background and procedural history. (Doc. 22 at 2-5.) The Court will not repeat that description here, but rather will highlight certain salient points in the Government's Objections and in the Response to Objections.

On June 28, 2006, a federal grand jury charged Defendant by indictment with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and with possessing a firearm with an obliterated, removed, changed, or altered serial number in violation of 18 U.S.C. § 922(k). (CR Doc. 1.) Defendant pled guilty to the indictment without a plea agreement on April 3, 2008. (CR Doc. 46.)

On June 9, 2008, the United States Probation Office ("USPO") disclosed its Presentence Investigation Report ("PSR") finding that Defendant's sentence should be enhanced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), because Defendant had previously been convicted of three violent felonies. (Doc. 16-1 at 1, 9.) The PSR identified the three prior convictions as: (1) a 1994 aggravated vehicle burglary conviction; (2) a 1997 residential burglary conviction; and, (3) a 2002 aggravated commercial burglary conviction, all under New Mexico law. (*Id.* at 9-14.) The section of the PSR detailing Defendant's criminal history also listed a 2002 New Mexico commercial burglary conviction. (*Id.* at 12.) However, the USPO did not rely on the 2002 commercial burglary conviction to support the enhancement of Defendant's sentence under the ACCA. (*Id.* at 9.) At a hearing on February 2, 2010, the Court adopted the findings in the PSR and sentenced Defendant to fifteen years' imprisonment, the minimum sentence the ACCA mandated. (CR Doc. 66.) The Court entered a judgment of conviction on February 22, 2010. (CR Doc. 67.)

On May 13, 2016, Defendant, acting *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, less than one year after the United States Supreme Court struck down a portion of the ACCA in *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551 (2015). (Doc. 1.) On June 16, 2016, Defendant's counsel

filed the amended Section 2255 Motion presently before the Court.[1] (CR Doc. 70; Doc. 3.) The parties then filed a number of briefs addressing the issues raised in Defendant's motion: (1) Defendant's objections to the USPO's June 28, 2016 memorandum regarding the effect of *Johnson* on his sentence; (2) the Government's response to the Section 2255 Motion; (3) the Government's response to Defendant's objections to the USPO's memorandum; (4) Defendant's reply in support of his Section 2255 Motion; (5) Defendant's "Supplement" to the Section 2255 Motion; (6) the Government's response to Defendant's "Supplement"; and, (7) Defendant's "Notice of Supplemental Authority." (Docs. 12-15, 19-21.)

In his Section 2255 Motion, Defendant asks the Court to vacate his sentence and resentence him without enhancement under the ACCA. (Doc. 3 at 1.) According to Defendant, this may result in his immediate release from federal custody. (*Id.*) Defendant argues that enhancement of his sentence is no longer proper because, after *Johnson*, his 1994 aggravated vehicle burglary conviction is no longer a violent felony under the ACCA. (*Id.* at 4-6.) Defendant also argues that the Government cannot now substitute his 2002 commercial burglary conviction for his 1994 aggravated vehicle burglary conviction to justify the enhancement of his sentence, because the Government waived its right to do so, and because commercial burglary is no longer a violent felony under the ACCA. (Doc. 12 at 4-11; Doc. 19 at 2-3; Doc. 21 at 1.)

Before entry of the Magistrate Judge's PFRD, the Government did not dispute that, after *Johnson*, Defendant's 1994 aggravated vehicle burglary conviction is no longer a violent felony under the ACCA. (*See* Docs. 13, 14, 20.) Instead, the Government argued that Defendant's three other convictions: 1997 residential burglary, 2002 aggravated commercial burglary, and 2002 commercial burglary are violent felonies; and, consequently, Defendant still has three

---

[1] With the Court's leave, Defendant subsequently withdrew the argument in his Section 2255 Motion regarding shooting at a dwelling or occupied building, which was included by mistake. (Docs. 10, 11.)

qualifying convictions under the ACCA.[2] (Doc. 13 at 2-16.) The Government denied that it waived its right to substitute Defendant's 2002 commercial burglary conviction for his 1994 aggravated vehicle burglary conviction to justify the enhancement of his sentence. (Doc. 14 at 1-3.)

For the first time in its Objections to the Magistrate Judge's PFRD, the Government argues that the Court should deny Defendant's Section 2255 Motion because it is untimely. (Doc. 23 at 2-6.) The Government also objects to the Magistrate Judge's proposed finding that, post-*Johnson*, New Mexico non-residential burglary is no longer a violent felony under the ACCA. (*Id.* at 7-9.) The Court has considered the parties' submissions and has conducted a *de novo* review of the record, including the record in the underlying criminal case. Based on its review, the Court finds that the Government's Objections should be overruled, the Magistrate Judge's PFRD should be adopted, and Defendant's Section 2255 Motion should be granted.

## II. ANALYSIS

District courts may refer dispositive motions to a magistrate judge for a recommended disposition under 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b)(1). "Within 14 days after being served with a copy of the [magistrate judge's] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1). When resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition;

---

[2] Defendant does not dispute that his 1997 residential burglary and 2002 aggravated burglary convictions are violent felonies under the ACCA. (*See* Docs. 3, 12, 15, 19, 21.) The Court will therefore assume that these convictions qualify as ACCA predicates for purposes of Defendant's motion.

4

receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). However, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc. v. Biamp Sys.*, 653 F.3d 1163, 1185 (10th Cir. 2011) (quoting *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)); *Abdulhaseeb v. Calbone*, 600 F.3d 1301, 1310 (10th Cir. 2010) (same); *see also United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

### A. The Government waived its argument that Defendant's Section 2255 Motion is untimely.

As noted above, the Government in its Objections argues that the Court should deny Defendant's Section 2255 Motion because it is untimely. (Doc. 23 at 2-6.) In general, a defendant must file a motion under 28 U.S.C. § 2255 within one year of the date the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). Here, the Court entered a judgment of conviction on February 22, 2010; thus, absent exceptional circumstances, Defendant's Section 2255 motion was due by March 8, 2011. (CR Doc. 67); *see United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) (if no appeal is filed, a judgment of conviction becomes final when the fourteen-day deadline for filing an appeal has expired). However, as the Government concedes, if the right asserted in the motion "has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," then the one-year limitation

period runs from "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3).

In *Johnson*, the Supreme Court newly recognized a right and made it retroactively applicable to cases on collateral review. *Welch v. United States,* — U.S. —, 136 S. Ct. 1257, 1264-65 (2016). Specifically, the Supreme Court struck down the ACCA's residual clause as unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557, 2563. If Defendant's motion asserts the right newly recognized in *Johnson*, his motion was timely because it was filed within one year after *Johnson* was decided. In its Objections, however, the Government argues that Defendant's Section 2255 Motion does not assert a newly recognized right under *Johnson*. The Government characterizes Defendant's Section 2255 Motion as merely asserting a right under *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243 (2016) because "all four" of Defendant's prior convictions "were evaluated under the enumerated clause" that *Mathis* addressed, and not under the residual clause invalidated by *Johnson*.[3] (Doc. 23 at 3 n.1, 6 n.4.) As the Government observes, *Mathis* did not newly recognize a right made retroactively applicable to cases on collateral review. (*Id.* at 3-4.) Thus, according to the Government, Defendant's motion was due by February 3, 2011,[4] and was untimely filed on June 10, 2016.[5] (*Id.* at 2.)

---

[3] If the Government is asserting that the Court evaluated Defendant's 2002 commercial burglary conviction under the ACCA's enumerated clause at sentencing, it is plainly mistaken. (Doc. 23 at 3 n.1, 6 n.4.) The Court did not evaluate this conviction under any of the ACCA's clauses because neither the Government nor the USPO relied on the conviction to recommend enhancement of Defendant's sentence under the ACCA. Thus, the Court did not consider it for that purpose. (Doc. 16-1 at 9; CR Doc. 66 at 1.)

[4] The Government erroneously used the date of Defendant's February 2, 2010 sentencing hearing, rather than February 22, 2010, the date of entry of the judgment of conviction, to calculate its proffered deadline under 28 U.S.C. § 2255(f)(1). (Doc. 23 at 2.)

[5] It appears that Defendant's June 10, 2016 amended Section 2255 Motion relates back to his original *pro se* motion, which was filed on May 13, 2016. (CR Doc. 70; Docs. 1, 3.)

However, "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *ClearOne Commc'ns, Inc.*, 653 F.3d at 1185; *Marshall*, 75 F.3d at 1426-27; *Abdulhaseeb*, 600 F.3d at 1310; *Garfinkle*, 261 F.3d at 1031. Since the Government has raised the issue of the timeliness of Defendant's Section 2255 Motion for the first time in its Objections to the Magistrate Judge's PFRD, the Government has waived the issue. (Doc. 23 at 4 n.2; Doc. 24 at 3.)

The Government argues that it did not deliberately waive the procedural bar and that it raised the timeliness issue "because of the intervening 10th Circuit opinion in [Taylor]." The Government refers to the unpublished decision in *United States v. Taylor*, — F. App'x —, 2016 WL 7093905 (10th Cir. Dec. 6, 2016), which was issued about one month before the Magistrate Judge entered her PFRD. (Doc. 23 at 4 n.2.) In *Taylor*, the Tenth Circuit upheld the denial of a § 2255 motion on the basis of untimeliness. Fifteen years after his conviction and sentencing, the defendant argued that his previous convictions under Oklahoma law for second degree burglary should not have been considered as violent felonies under the enumerated clause of the ACCA. *Id.* at *1. The Tenth Circuit agreed with the district court's determination that the defendant was asserting a right under *Mathis*, and was not asserting a *Johnson* violation because he was not originally sentenced under the residual clause of the ACCA. *Id.* at *4 ("Mr. Taylor had one year from that date [final judgment] to assert a habeas challenge to his sentence."). "Because *Mathis* did not announce a new rule, Mr. Taylor cannot rely on it in a § 2255 petition filed nearly fifteen years after the judgment in his criminal case became final. Mr. Taylor's petition is time-barred." *Id.* The Government likens this case to the situation in *Taylor* arguing that Defendant is actually asking for relief under *Mathis* and not under *Johnson*; and therefore, his Section 2255 Motion should be dismissed as untimely. The Government also cites *Wood v. Milyard*, 566 U.S. 463,

132 S.Ct. 1826 (2012) for the proposition that a district court may, but is not obliged to, consider *sua sponte* the timeliness of a state prisoner's habeas petition. *Id.* 132 S.Ct. at 1833.

The recent holding in *Taylor* does not excuse the Government's failure to timely raise this issue. The opinion was issued over a month before the Magistrate Judge entered her PFRD, and, it did not announce a new rule of law or apply existing law in a way the Government could not have anticipated. Moreover, on examining the holding in *Taylor*, the Court finds it distinguishable from this case.[6] And, the unpublished opinion does not provide persuasive support for the Government's position. *Cf. United States v. Austin*, 426 F.3d 1266, 1274 (10th Cir. 2005) (unpublished decisions are not binding precedent in the Tenth Circuit, but may be cited for their persuasive value). In short, *Taylor* does not excuse the Government's failure to challenge the timeliness of Defendant's Section 2255 Motion before the Magistrate Judge entered her PFRD. In these circumstances, Tenth Circuit law is clear: the issue is deemed waived.[7] The Court will therefore overrule the Government's Objections to the Magistrate Judge's PFRD based on the alleged untimeliness of Defendant's Section 2255 Motion.

### B. New Mexico non-residential burglary no longer qualifies as a violent felony under the ACCA.

The Government also objects to the Magistrate Judge's proposed finding that New Mexico non-residential burglary no longer qualifies as a violent felony under the ACCA. (Doc.

---

[6] In *Taylor*, the district court denied habeas review and found that the sentencing court did not enhance the defendant's sentence under the residual clause of the ACCA. The Tenth Circuit agreed with the district court's assessment. 2016 WL 7093905, at *2. In this case, Defendant's sentence, as to the 1994 aggravated burglary conviction he challenges, could not have been based on the enumerated clause because that conviction was for burglary of a vehicle. (Doc 3-1 at 1 & Doc. 3-2 at 1 (Defendant's 1994 aggravated burglary conviction was for burgling a vehicle)). *See, e.g., Taylor v. United States*, 495 U.S. 575, 599 (1990) (concluding that burglary of a vehicle is outside the scope of generic burglary and thus not a violent felony under the enumerated clause). Since Defendant's enhanced sentence relied on the now invalidated residual clause, Defendant's Section 2255 Motion was properly brought under *Johnson*, and it is timely. *See also United States v. Hamilton*, --- F. Supp. 2d ---, 2017 WL 368512, *3 (N.D. Okla. Jan. 25, 2017) ("where record is silent and a court could have relied on multiple clauses at the time of sentencing, a defendant need not show a sentencing court 'actually relied' on the residual clause[.]").
[7] The Court will also decline the Government's invitation for the Court to consider the timeliness of Defendant's Section 2255 Motion "*sua sponte*." (Doc. 23 at 4 n.2 (quoting *Wood v. Milyard*, 566 U.S. 463 (2012).)

8

23 at 7-9.) In her PFRD, the Magistrate Judge discussed the standards governing this inquiry in considerable detail, and the Court concurs with that discussion. (Doc. 22 at 5-8.) For clarity, the Court will summarize it here. The ACCA provides that a person who violates 18 U.S.C. § 922(g) and has three prior convictions for a "violent felony" or a "serious drug offense" is subject to a minimum term of fifteen years' imprisonment. 18 U.S.C. § 924(e)(1). Under the ACCA, the term "violent felony" means

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Subpart (i) of this definition is known as the "force clause" or "elements clause"; the non-italicized portion of subpart (ii) is known as the "enumerated clause"; and, the italicized portion of subpart (ii) is known as the "residual clause." *Johnson*, 135 S. Ct. at 2556; *United States v. Harris*, 844 F.3d 1260, 1263 (10th Cir. 2017); *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016); *United States v. Gardner*, 823 F.3d 793, 801-02 (4th Cir. 2016). The Supreme Court in *Johnson* ruled that the residual clause is unconstitutionally vague, but left the force and enumerated clauses intact. 135 S. Ct. at 2557, 2563.

If New Mexico commercial burglary constitutes a "burglary" under the ACCA's enumerated clause, then the Court may rely on Defendant's 2002 conviction for this offense to affirm Defendant's enhanced sentence. In other words, the Court must decide whether Defendant's 2002 commercial burglary conviction may be used as a substitute for the 1994 aggravated vehicle burglary conviction that no longer qualifies as an ACCA predicate post-

*Johnson*. (Doc. 22 at 8 & n.6.) However, if commercial burglary under New Mexico law does *not* qualify as a "burglary" under the enumerated clause, the Court cannot rely on that conviction.[8] 135 S. Ct. at 2557, 2563.

To determine whether an offense is one of the violent felonies under the ACCA's enumerated clause, courts must generally apply what is called the "categorical approach," considering only the offense's statutory elements, and not the actual facts underlying the defendant's prior conviction. *Harris*, 844 F.3d at 1263; *United States v. Smith*, 652 F.3d 1244, 1246 (10th Cir. 2011). Courts must examine only the "generic versions" of the enumerated offenses and not all variants of the offenses. *Mathis*, 136 S. Ct. at 2248. To determine whether a past conviction is for one of the enumerated offenses, courts must compare the elements of the crime of conviction with the elements of the "generic" version of the enumerated offense. *Id.* at 2247. Thus, a prior conviction qualifies as an ACCA predicate if, but only if, the crime's elements are the same as, or narrower than, those of the generic offense. *Id.*

This analysis becomes more complex when a statute lists elements in the alternative, thereby defining multiple crimes. *Id.* at 2249. To analyze statutes with this "divisible" structure, courts employ what is called the "modified categorical approach." *Id.*; *United States v. Hood*, 774 F.3d 638, 645 (10th Cir. 2014). Applying the modified categorical approach, "a sentencing court looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S. Ct. at 2249; *Hood*, 774 F.3d at 645. The court then compares the elements of that crime, as the categorical approach commands, with the elements of the relevant generic offense. *Mathis*, 136 S. Ct. at 2249.

---

[8] Commercial burglary is clearly not a violent felony under the ACCA's other clause, *i.e.*, the force clause, because it does not have as an element the actual, threatened, or attempted use of physical force against the person of another. 18 U.S.C. § 924(e); N.M. Stat. Ann. § 30-16-3(B).

10

However, the modified categorical approach does not apply to statutes "that enumerate[] various factual means of committing a single element," as opposed to multiple alternative elements. *Id.* at 2249, 2253-54, 2256. To determine whether a statute lists alternative means or elements, courts must first consult "authoritative sources of state law." *Id.* at 2256. For example, if statutory alternatives carry different punishments, then they must be elements. *Id.* (citing *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). "Conversely, if a statutory list is drafted to offer 'illustrative examples,' then it includes only a crime's means of commission." *Id.* (citing *United States v. Howard*, 742 F.3d 1334, 1348 (11th Cir. 2014)). And, if state law fails to provide a clear answer, a sentencing judge may "peek" at the record of the defendant's prior conviction for "the sole and limited purpose" of determining whether the statute's listed alternatives are means or elements. *Id.* at 2256-57.

New Mexico's burglary statute states:

> [b]urglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
>
> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M. Stat. Ann. § 30-16-3. Both sides agree that Defendant's commercial burglary conviction was under Subsection B of this statute. (Doc. 12 at 9; Doc. 13 at 2; Doc. 22 at 9.)

The Government sets out four substantive objections to the PFRD: (1) the New Mexico Supreme Court did not definitively resolve whether Section 30-16-3(B) lists alternative means or elements in *New Mexico v. Office of Public Defender ex rel. Muqqddin*, 2012-NMSC-029, 285 P.3d 622; (2) the singular penalty that Subsection B imposes likewise does not definitively

11

indicate whether the subsection lists alternative means or elements; (3) the Court should reject the Magistrate Judge's proposed finding that the list of prohibited spaces in Subsection B is a list of non-exhaustive illustrative examples; and (4) the Magistrate Judge should have "peeked" at Defendant's record of conviction, which shows that he was actually convicted of burglarizing a "structure," something within the scope of generic burglary. (Doc. 23 at 7-9.)

In its first two objections, the Government misunderstands the Magistrate Judge's PFRD. The Magistrate Judge did not propose to find that the decision in *Muqqddin*, or the singular penalty in Section 30-16-3(B), definitively indicates whether the statute lists alternative means or elements. (*See* Doc. 22 at 10-14.) The Government's objections, though true, are therefore beside the point. Further, as explained in the PFRD, although neither the *Muqqddin* decision nor Subsection B's singular penalty definitively *resolves* the issue, both of these state law sources do *support* the conclusion that Subsection B lists alternative means and not elements. (*Id.*) *See also, United States v. Jimenez*, No. 16 CV 0661 RB/SMV, ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION (Doc. 20), at 14-17 (D.N.M. Dec. 23, 2016) (finding that New Mexico's commercial burglary statute lists alternative means of committing a single crime) (hereinafter, "*Jimenez* Order").

In response to the Government's third objection, the Court agrees with the Magistrate Judge that, on its face, Subsection B sets forth alternative means of committing the unitary crime of non-residential burglary, and not alternative elements defining separate crimes. First, the organization of New Mexico's burglary statute indicates that its locational element is divisible into two, and only two, categories: dwelling houses under Subsection A, and other structures under Subsection B. N.M. Stat. Ann. § 30-16-3. Second, the statutory penalty is distinct for burglary of a dwelling house under Subsection A, but the same for burglary of any of the

12

locations listed in Subsection B, which also supports the conclusion that the locations listed in Subsection B are means and not elements. *Id.* Third, Subsection B's plain language indicates that it lists alternative means of committing a unitary crime, and not alternative elements of separate crimes. As the list of alternatives in *Howard*, 742 F.3d at 1348, had the word "includes" at the beginning, so the list of alternatives in Subsection B has the words "or other structure" at the end. The words used are different, but they convey the same meaning, and serve the same purpose, which is to signal a non-exhaustive list of illustrative examples. *Mathis*, 136 S. Ct. at 2256; *Howard*, 742 F.3d at 1348. A plain reading of Subsection B reveals that vehicles, watercraft, and aircraft are simply examples of movable or immovable structures. N.M. Stat. Ann. § 30-16-3(B). This reading is consistent with the canon of statutory construction *ejusdem generis*, which the New Mexico Supreme Court applied to Subsection B in *Muqqddin*.[9] 2012-NMSC-029, ¶¶ 30, 31, 285 P.3d 622. To summarize, the organization and text of New Mexico's burglary statute and the alternative punishments listed unequivocally convey that the statute is divisible into Subsection A (residential burglary) and Subsection B (non-residential burglary), and no further. *Jimenez* Order at 22.

Like the Magistrate Judge, the Court rejects the Government's argument that New Mexico law is unclear as to whether the list of alternatives in Subsection B is one of means or elements. (Doc. 22 at 13-14; Doc. 23 at 9.) If state law were unclear, the Court could "peek" at Defendant's record of conviction "for the sole and limited purpose of determining whether the listed items are elements of the offense." *Mathis*, 136 S. Ct. at 2256-57 (internal quotation marks and brackets omitted). State law, however, is clear. The list of alternative things or structures

---

[9] "The rule of ejusdem generis requires that where general words follow an enumeration of persons or things of a particular and specific meaning, the general words are not construed in their widest extent but are instead construed as applying to persons or things of the same kind or class as those specifically mentioned." *Muqqddin*, 2012-NMSC-029, ¶ 29, 285 P.3d 622 (internal punctuation marks omitted).

13

illustrates different means of committing the crime of burglary, it does not provide separate elements defining different crimes. In these circumstances, it is neither necessary nor permissible for the Court to "peek" at Defendant's record of conviction to determine whether the listed items are means or elements.

Finally, the Government in its Objections fails to address the Magistrate Judge's observation that, even if the term "structure" in Subsection B *were* an alternative locational element distinct from vehicles, watercraft, and aircraft as the Government claims, and even if the Court *did* apply the modified categorical approach and determine that Defendant was convicted of burgling a "structure," this element would still be broader than generic burglary. Subsection B provides that a "structure" may be "movable or immovable." N.M. Stat. Ann. § 30-16-3(B). Thus, the term would include, for example, a railroad car. *Id.*; *see* N.M. Stat. Ann. § 66-1-4.19(B) ("devices . . . used exclusively upon stationary rails or tracks" are not "vehicle[s]" under New Mexico Motor Vehicle Code). Generic burglary, however, excludes movable structures such as railroad cars from its locational element. *See Taylor*, 495 U.S. at 599 (Missouri burglary statute with locational element that included "any booth or tent, or any boat or vessel, or railroad car" was broader than generic burglary). Hence, even if New Mexico burglary of a "structure" were a distinct crime from burglary of a vehicle, watercraft, or aircraft, the offense would still be broader than generic burglary and thus the offense would not qualify as a violent felony under the ACCA's enumerated clause. *Mathis*, 136 S. Ct. at 2250-51, 2257.

In sum, New Mexico's non-residential burglary statute is not divisible, is broader than generic burglary, and is therefore not an enumerated violent felony under the ACCA.[10] *Id.*; *see Jimenez* Order at 22 (New Mexico non-residential burglary no longer qualifies as violent felony

---

[10] Because New Mexico non-residential burglary no longer qualifies as a violent felony under the ACCA, whether the Government waived its right to rely on Defendant's 2002 conviction of this offense is irrelevant, and the Court need not address that issue here. (Doc. 12 at 5-7; Doc. 14 at 1-3; Doc. 15 at 4-7; Doc. 22 at 14 n.10.)

under ACCA). Because Defendant's 1994 aggravated vehicle burglary conviction and his 2002 commercial burglary conviction under NMSA § 30-16-3(B) no longer qualify as ACCA predicates, Defendant has fewer than three prior convictions for violent felonies under the ACCA, and his enhanced sentence will be vacated.

IT IS THEREFORE ORDERED that:

1. The Government's Objections (Doc. 23) are OVERRULED;

2. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 22) are ADOPTED as an order of the Court;

3. Defendant's Amended Emergency Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. 3) is GRANTED;

4. Defendant's sentence in Cr. No. 06-1436 JAP is VACATED; and

5. A hearing to resentence Defendant in Cr. No. 06-1436 JAP is set at 1:40 pm on Thursday, June 8, 2017.

_____
SENIOR UNITED STATES DISTRICT JUDGE